IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS TUCKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-1892 |
| ) | |
| v. ) | Judge McVerry |
| ) | Magistrate Judge Caiazza |
| WILLIAM S. STICKMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion to Dismiss be denied.

### II. REPORT

The Plaintiff, Douglas Tucker ("Tucker"), a state inmate formerly confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging violations of his rights as protected by the Eighth Amendment of the United States Constitution. Named as the Defendants are officers and employees of the Pennsylvania Department of Corrections ("DOC") at SCI-Greene.

Summarily, Tucker's Complaint includes allegations of excessive force in addition to claims based on a denial of medical care. All of the claims set out by Tucker are drawn from a series of acts, all of which occurred on or before November 24,

2002 while Tucker was confined at SCI-Greene. Tucker's Complaint is dated December 8, 2004. The Defendants have filed a Motion to Dismiss the Complaint based on the applicable statutes of limitation. For the reasons that follow, the Defendants' Motion should be denied.

## A. Limitations of Actions

While the statue of limitations is an affirmative defense typically reserved for the summary judgment stage of litigation, the Court of Appeals for the Third Circuit has explained that a court may dismiss a complaint where, on its face, it demonstrates a bar to suit. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002). Tucker's actions against the Defendants are based on the federal statutes which follow: 42 U.S.C. §§ 1981, 1983, 1985, 1986. The statutory limitations period for the first three statutes are determined by state law.[1] Specifically, under Pennsylvania law the applicable limitations period for civil rights actions commenced pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 is two years. See 42 Pa. Cons. Stat. § 5524. Tucker's remaining claim, premised on the provisions of 42 U.S.C. § 1986, has a self-governing limitation provision:

---

1. See Goodman v. Lukens Steel Correctional Officer., 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985).

> [N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

See 42 U.S.C. § 1986.

The date when a civil rights action accrues (begins to run its course) is a matter of federal law. See Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff is aware, or should be aware, of both the fact of injury and its causal connection to the Defendant. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (usually it is the wrongful act that triggers the run date of the limitations period); see also Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury).

Here, Tucker's Complaint is signed and dated December 8, 2004. He states that the event dates supporting his claim extended from April 8, 2002 until November 24, 2002. Giving the Plaintiff the benefit of doubt, the court will consider the accrual date of Tucker's action as being November 24, 2002. His Complaint, however, was filed on December 8, 2004 -more than two years beyond the two year limitations' period for §§ 1981, 1983 and 1985 actions and well beyond the one year statute of limitations for § 1986 actions. These claims are all time-barred.

## B. **The Tolling Period**

The Pennsylvania doctrine of equitable tolling extends a statute of limitations "when[ever] a party, through no fault of its own, is unable to assert its right in a timely manner. *See* Damiler Chrysler Corporation v. Commonwealth of Pennsylvania, 2005 WL 2663043 *4 n.5 (Pa. Commw. 2005); *see also* Zitelli v. Dermatology Educ. & Research Found., 534 Pa. 360, 371, 633 A.2d 134, 139 (1993) (holding that there can be no equitable estoppel where the complainant's act appears to be the result of his or her own will or judgement rather than the product of what the defendant did or represented).

In responding to the Defendants' Motion, Tucker claims that he "was brutally assaulted and put in a deprivation cell . . . and denied everything with the exception of a smock." *See* Doc. 27, at 5, ¶ B.  He also alleges that he "was kept there for several months [and that he] began to suffer from severe anguish . . . ." *See id.* at ¶ D.  Tracking the sequence of events as unfolded by the Plaintiff, the acts supporting his action occurred before November 24, 2002, while Tucker was an inmate at SCI-Greene. *See* Doc. 12 at IV A.[2]  Tucker was eventually transferred to SCI-Rockview.  He now offers two reasons which he claims impeded his ability to timely file his actions  -a mental

---

2. All of the Defendants were employed at SCI-Greene.

-4-

illness and the destruction of legal papers.[3]

### 1. Tucker's Mental Illness

Tucker states that he was transferred to SCI-Rockview for an "outside mental health hospital in another prison (SCI-Pittsburgh) where he received some help." See Doc. 27 at 6, ¶ C. Under Pennsylvania law, mental incompetency does not toll the two year statute of limitations. See 42 Pa. Cons. Stat. § 5533. Consequently, Tucker is not entitled to statutory tolling under Pennsylvania law.

Notwithstanding, considering Tucker's mental health claim, this court must determine whether the Pennsylvania tolling provision as it relates to mental incompetency conflicts with federal law or policy. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (an action in which the plaintiff commenced a § 1983 claim against her guardians based on a non-consensual sterilization when she was a minor.) In Lake the Plaintiff was mentally retarded, attended special education classes and left school at age sixteen. In June of 1977 she was taken to a hospital by her father and step-mother where she signed a consent form. Subsequently, she then underwent a tubal ligation. At no point did the Defendants seek to have the Plaintiff's interest reviewed by a court or any other appropriate forum.

---

3. By Order dated May 23, 2005, the Plaintiff was provided with an opportunity to respond to the Defendants' Motion. See Doc. 26. His Response was filed on June 16, 2005. See Doc. 27.

In applying the more liberal federal tolling policy, the court stated that "§ 1983 [is a statute] designed to compensate victims whose federal constitutional or statutory civil rights have been violated and to prevent abuses of state power." *See* Lake, 232 F.3d at 369 (citing Burnett v. Gratton, 468 U.S. 42, 53 (1984)). Contrasting the state and federal limitations' statutes and citing the remedial purpose of § 1983 actions, the Third Circuit Court stated that "occasionally the state statute of limitations must be modified to promote the federal interests at bar." *Id.* The court then recognized that "involuntary sterilization is one manifestation [of] discrimination against the mentally incompetent [and that] the plaintiff's mental incompetence motivated, to some degree, the injury [that was sought to be remedied]." *See id.* at 369, 371 (citing Eubanks v. Clarke, 434 F. Supp. 1022 (E.D. Pa. 1977)).

Here, Tucker says he "began to suffer from severe mental anguish and also severe emotional and phycological [sic] damage as result of Defendants treatment of him" *See* Doc. 27 at 6, § C. Significantly, the court recognizes that Tucker does not claim that his mental incompetence motivated his injury. The reverse apparently is true. He argues that the purported conduct of the Defendants *caused* his emotional trauma.

That being said, this case is before the court on the Defendants' Motion to Dismiss and although it will be a steep

-6-

hill to climb, the Plaintiff should be afforded the opportunity to show that the federal tolling rules are applicable to his case. *See* Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 1999) (recognizing that tolling the limitations period because of a person's disability is "highly case-specific"); Nunnally v. MacCausland, 996 F.2d 1, 4-5 (1st Cir. 1993)(remanding for factual determination as to whether alleged mental illness justified equitable tolling). Balancing the scale, this court recognizes that mental incompetence, standing alone, does not toll the statute of limitations in federal actions. *See, e.g.* Barren by Barren v. United States, 839 F.2d 987 (3d Cir. 1998).

Parenthetically, the Plaintiff has also claimed that when he was transferred back to SCI-Greene he "tr[ied] to get all papers involving these incidents that [were] destroyed by Defendants [and that] [o]nce Plaintiff was well enough, and had accumulated some of the necessary documents, and/or paperwork [he] needed that Defendants destroyed, Plaintiff initiated this complaint." *See* Doc. 27, at 7, ¶ E. If Tucker can demonstrate that documents essential to the filing of his complaint were confiscated by institutional personnel, then his claim may he rescued by the Pennsylvania tolling statute. *See* Damiler Chrysler, 2005 WL 2663043 *4 n.5.

### III   CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Defendants' Motion to Dismiss Complaint be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 23, 2005. Responses to objections are due by December 5, 2005.

November 7, 2005

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc:

Douglas Tucker
4533 Ditman Street
Philadelphia, PA   19124

Kemal Alexander Mericli, Esq.
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219