IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS TUCKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 04-1892 |
| | ) |
| v. | ) Judge McVerry |
| | ) Magistrate Judge Caiazza |
| WILLIAM S. STICKMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 44) be granted, and that the Plaintiff's Motion for Summary Judgment (Doc. 51) be denied.

### II. REPORT

The Plaintiff, Douglas Tucker ("Tucker"), a state inmate formerly confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging violations of his rights as protected by the Eighth Amendment of the United States Constitution. Named as the Defendants are officers and employees of the Pennsylvania Department of Corrections at SCI-Greene.

Tucker alleges that he was subjected to the use of excessive force and also was denied medical care during a series of acts

occurring mostly in April and July, 2002. The latest date referenced in the Complaint is November 24, 2002. The Complaint is dated December 8, 2004, and was filed on December 17, 2004.

In the Defendants' earlier Motion to Dismiss they argued that Tucker's claims are barred by the applicable statute of limitations. The court denied the Motion to Dismiss because there were allegations in the Complaint which might arguably support an equitable tolling of the limitations period. The Defendants now move for summary judgment arguing that there is no basis for an equitably tolling of the limitations period.

A. **Limitations of Actions**

Tucker's actions against the Defendants are based on the federal statutes which follow: 42 U.S.C. §§ 1981, 1983, 1985, 1986. The statutory limitations period for the first three statutes are determined by state law.[1] Specifically, under Pennsylvania law the applicable limitations period for civil rights actions commenced pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 is two years. See 42 Pa. Cons. Stat. § 5524. Tucker's remaining claim, premised on the provisions of 42 U.S.C. § 1986, has a self-governing limitation provision:

---

1. See Goodman v. Lukens Steel Correctional Officer., 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985).

> [N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

See 42 U.S.C. § 1986.

The date when a civil rights action accrues is a matter of federal law. See Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff is aware, or should be aware, of both the fact of injury and its causal connection to the Defendant. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)(usually it is the wrongful act that triggers the run date of the limitations period); see also Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury).

Tucker's Complaint is signed and dated December 8, 2004. He states that the event dates supporting his claim extended from April 8, 2002 until November 24, 2002. Thus, in ruling on the prior Motion to Dismiss, the court considered the accrual date of Tucker's action as being November 24, 2002. The Complaint, however, was filed on December 8, 2004 - more than two years beyond the two year limitations' period for §§ 1981, 1983 and 1985 actions and well beyond the one year statute of limitations for § 1986 actions. Tucker's claims are therefore time-barred.

B. **Equitable Tolling**

Federal courts may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir.1997). Equitable tolling is appropriate in three instances:

> (1) where a defendant actively misleads a plaintiff with respect to h[is] cause of action; (2) where the plaintiff has been prevented from asserting h[is] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts h[is] claims in a timely manner but has done so in the wrong forum.

Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Tucker does not assert that he was misled nor did he file his claim timely – but in the wrong forum. That said, only the second basis is relevant here.

In responding to the Defendants' Motion to Dismiss, Tucker claimed that he "was brutally assaulted and put in a deprivation cell . . . and denied everything with the exception of a smock." See Doc. 27, at 5, ¶ B. He also alleged that he "was kept there for several months [and that he] began to suffer from severe anguish . . . ." See id. at ¶ D. Tucker offered two reasons which he claimed impeded his ability to timely file his actions – a mental illness and the destruction of legal papers. In light of the standard applicable at the motion to dismiss stage, the court found that it could not grant the Defendants' Motion. (Doc. 32).

Now, however, the Defendants have presented a December, 2002 mental status report revealing that Tucker had no mental impairments which would have prevented him from timely pursuing this case. (Doc. 44, App. A). With respect to the alleged confiscation of materials, the Defendants have provided evidence showing that the only matters seized from Tucker during the relevant period were two books on Satanism and periodicals which are identified as "skin" magazines. (Id., App. B). Neither of these types of materials are essential to the timely pursuit of a civil rights complaint.

Finally, and most telling, the Defendants have presented Tucker's misconduct file, dating from the April, 2002 incident, showing that he was able to litigate his misconduct charge through all three available levels of administrative review in the months following the alleged beating. (Id., App. C). Likewise, the Defendants have provided various grievances filed and pursued by Tucker during the same time period - April, 2002 through December, 2002. (Id., J.A. D-J). Parenthetically, some of the pleadings submitted by Tucker during the grievance process are quite lengthy. The Defendants argue - convincingly- that Tucker, who was clearly able to vigorously pursue administrative appeals during the period in question, was not, in any way, impeded from pursuing his civil rights claims in a timely fashion.

In response to the overwhelming evidence showing that the Plaintiff was able at all times to pursue his administrative claims, Tucker argues that he was placed in a restricted cell on April 3, 2002, and that he was not permitted to inventory his property until five months later. (Doc. 49 at 6). Even accepting his argument to have some merit, he fails to set out the reasons which prevented him from filing the instant lawsuit within the two year limitations period. Nor does he indicate the manner in which a delay in reviewing his documents prevented him from commencing a timely civil action. And, most significantly, Tucker's argument is directly contradicted by his strict compliance with the grievance and administrative appeal process during the same time period. In fact, Tucker repeatedly recounted the same facts during the administrative appeals process which form the basis of his civil action. It is readily apparent that Tucker was not prevented by "extraordinary circumstances" from timely pursuing his claims.

C.   **Tucker's Motion for Summary Judgment**

Tucker also moves for summary judgment (Doc. 51), but the court did not direct that a response be filed. As the above discussion makes clear, Tucker is not entitled to relief since his claims are time-barred. His motion should be denied.

### III   CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 44) be granted and that Plaintiff's Motion for Summary Judgment (Doc. 51) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 24, 2007. Responses to objections are due by February 5, 2007.

January 8, 2007

Francis X. Caiazza
United States Magistrate Judge

cc:   Douglas Tucker
     DV-2095
     SCI Graterford
     PO Box 244
     Graterford, PA 19426

     Kemal Alexander Mericli, Esq.
     Senior Deputy Attorney General
     Office of Attorney General
     6th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA  15219